UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORRINE BAKER,

       Petitioner,           CIVIL NO. 2:15-CV-11629
                                 HONORABLE GEORGE CARAM STEEH
v.                          UNITED STATES DISTRICT JUDGE

ANTHONY STEWART,

       Respondent.
_____/

**OPINION AND ORDER HOLDING IN ABEYANCE
THE PETITION FOR A WRIT OF HABEAS CORPUS
AND ADMINISTRATIVELY CLOSING THE CASE**

      Corrine Baker, ("Petitioner"), confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, through her counsel David S. Steingold, in which she challenges her conviction for second-degree murder, M.C.L.A. § 750.317; and second-degree child abuse, M.C.L.A. § 750.136(b)(3). Respondent has filed an answer to the petition for writ of habeas corpus. As part of the answer, respondent argues that the petition is subject to dismissal because it contains claims which have not been exhausted with the state courts. For the reasons stated below, in *lieu* of dismissing the petition without prejudice, the Court holds the petition in

-1-

abeyance and stays the proceedings under the terms outlined in this opinion to permit petitioner to return to the state courts to exhaust her additional claims. If this fails, the petition will be dismissed without prejudice.

## I. Background

Petitioner pleaded guilty to the above charges in the Saginaw County Circuit Court. On February 27, 2012, petitioner was sentenced to thirteen to thirty years in prison on the second-degree murder charge and two to four years in prison on the child abuse conviction.

Petitioner's initial appellate counsel filed a motion to withdraw petitioner's guilty plea. The motion was signed and dated August 24, 2012, and filed with the Court on August 27, 2012.[1] Petitioner moved to withdraw her plea on the ground that trial counsel was ineffective. An evidentiary hearing was conducted on petitioner's ineffective assistance of counsel claims, after which the trial court denied the motion to withdraw the plea. *People v. Baker,* No. 10-27347-FC (Saginaw Cty Cir. Ct., June 25, 2013).[2]

Petitioner's conviction was affirmed on appeal. *People v. Baker,* No. 317395 (Mich.Ct.App. Sept. 4, 2013)(Ronayne Krause, J., would grant

---

[1] See Motion to Withdraw Plea [This Court's Dkt. # 6-13].

[2] See Dkt. # 6-13.

leave to appeal); lv. den. 496 Mich. 853 (2014).

Petitioner filed a petition for a writ of habeas corpus, seeking habeas relief on the following claims:

I. Ms. Baker's plea was not knowingly, understandably and voluntarily made and was in violation of due process where counsel provided ineffective assistance of counsel.

    A. Mr. Meiers used fear and coercion rending Ms. Baker's plea involuntary.

    B. Mr. Meiers gave Ms. Baker misadvice/inaccurate information.

    C. Mr. Meiers failed to properly advise Ms. Baker of her rights.

    D. Mr. Meiers did not investigate or prevent (sic) [present] a defense.

## II. Discussion

Respondent contends that petitioner's habeas application should be dismissed because it contains claims which have not been properly exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). See *Picardy v. Connor*, 404 U. S. 270, 275-78 (1971). Although exhaustion is not a jurisdictional

matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009). Each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

On her appeal before the Michigan Court of Appeals, petitioner raised the following claim:

> MS. BAKER'S PLEA WAS NOT KNOWINGLY, UNDERSTANDABLY AND VOLUNTARILY MADE IN VIOLATION OF DUE PROCESS WHERE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE BY MISINFORMING MS. BAKER ON THE LAW.[3]

This claim appears to correspond with petitioner's third ineffective assistance of counsel claim that trial counsel was ineffective in misinforming petitioner that she could not go to trial but would have to plead guilty if she wished to testify against her co-defendant. Petitioner did not raise her other three ineffective assistance of counsel claims before the

---

[3]See Defendant-Appellant's Brief in Support of Application For Leave to Appeal. [Dkt. # 6-11].

Michigan Court of Appeals.

Petitioner raised what make up or first, second, and fourth ineffective assistance of trial counsel claims only for the first time in her application for leave to appeal before the Michigan Supreme Court.[4]

When an appellant fails to appeal an issue to the Michigan Court of Appeals, the issue is considered waived before the Michigan Supreme Court. *Lawrence v. Will Darrah & Associates, Inc.,* 445 Mich. 1, 4, fn. 2; 516 N.W.2d 43 (1994); *Butcher v. Treasury Dept.*, 425 Mich. 262, 276; 389 N.W.2d 412 (1986). Petitioner's failure to raise these claims in her appeal to the Michigan Court of Appeals precluded the Michigan Supreme Court from considering the new issues that petitioner raised in her application for leave to appeal before that court.

Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because petitioner failed to present her first, second, and fourth ineffective assistance of trial counsel claims on her direct appeal with the Michigan Court of Appeals, her subsequent presentation of these

---

[4] See Defendant-Appellant's Application For Leave to Appeal. [Dkt. # 6-12].

claims to the Michigan Supreme Court does not satisfy the exhaustion requirement for habeas purposes. *See Skinner v. McLemore,* 425 F.App'x 491, 494 (6th Cir. 2011); *Farley v. Lafler,* 193 F.App'x 543, 549 (6th Cir. 2006).

Moreover, although petitioner in her reply brief argues that her first, second, and fourth ineffective assistance of counsel claims were raised in her evidentiary hearing before the trial court, this would be insufficient to exhaust these claims unless they were also presented to the appellate courts. *See Rogers v. Palmer*, No. 207-CV-11902, 2010 WL 1881057, at *2 (E.D. Mich. May 11, 2010)(citing *Stanley v. Jones*, 973 F.2d 680, 682 (8th Cir. 1992); *Bloom v. McKune*, 130 F.App'x 229, 232 (10th Cir. 2005).

A habeas petitioner may not present a "mixed" petition containing both exhausted and unexhausted claims to a federal court. *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000). Although this requirement is not jurisdictional, a petition that includes unexhausted claims will ordinarily not be considered by a federal court absent exceptional or unusual circumstances. *Id.*

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is

so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Sitto v. Bock*, 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002). A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999). Therefore, the exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his or her claims. *See Adams v. Holland,* 330 F.3d 398, 401 (6th Cir. 2003).

In her reply brief, petitioner argues that exhaustion would be futile because a criminal defendant cannot file more than one post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.*

The Court recognizes that pursuant to M.C.R. 6.502(G)(1), a criminal defendant in Michigan can typically file only one post-conviction motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson,* 149 F.App'x 414, 418 (6th Cir. 2005). The Court is also aware that under M.C.R. 6.310(c), a defendant is required to file a motion to withdraw the plea within six months after sentence. If a defendant wishes

to withdraw a guilty plea more than six months after being sentenced, he or she may do so "only in accordance with the procedure set forth in subchapter 6.500." Petitioner's appellate counsel filed petitioner's motion to withdraw her plea within the six month time limit under M.C.R. 6.310(c). There is no indication from the evidentiary hearing transcripts, the trial court's final order, the prosecutor's appellate court brief, or the Michigan appellate courts' orders that the motion to withdraw the plea was untimely or re-characterized as a post-conviction motion for relief from judgment.

Petitioner therefore has a post-conviction remedy. Petitioner could exhaust these claims by filing a post-conviction motion for relief from judgment with the Saginaw County Circuit Court under Michigan Court Rule 6.500, *et. seq. See Wagner,* 581 F.3d at 419. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

In addition, the mere fact that appellate counsel failed to brief the issues contained in petitioner's habeas application would not render exhaustion futile, because petitioner still has available state court remedies

with which to exhaust these new claims. *See Gray v. Wingo,* 391 F.2d 268, 269 (6th Cir. 1967). In fact, to the extent that petitioner would want to allege the ineffective assistance of appellate counsel claim, such a claim has not yet been presented to the state courts. A claim of ineffective assistance of appellate counsel is subject to the exhaustion requirement. *See Baldwin v. Reese,* 541 U.S. 27, 30-33 (2004).

Petitioner's habeas application is subject to dismissal because it contains claims that have yet to be properly exhausted in the state courts. This Court is concerned that the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the AEDPA's one year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F.3d 717, 720-21 (6th Cir. 2002). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly

meritless." *Rhines v. Weber,* 544 U.S. 269, 278 (2005).

Petitioner's claims do not appear to be "plainly meritless." *Wagner,* 581 F.3d at 419. Further, petitioner may assert that she did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Id.,* at 419, nn. 4 and 5.[5] Finally, it does not appear that petitioner has engaged in "intentionally dilatory tactics."

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that petitioner does not delay in exhausting her state court remedies, the Court imposes upon petitioner time limits within which she must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present her claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within sixty days from the date of this Order. *See id.* Further, she must ask this Court to lift the stay within sixty days of exhausting her state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the

---

[5]State post-conviction review would be the first opportunity that petitioner would have under Michigan law to raise any ineffective assistance of appellate counsel claim. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

### III. ORDER

It is **ORDERED** that petitioner may file a motion for relief from judgment with the state court within **sixty (60) days of receipt of this Court's order.** If petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss her petition without prejudice.

If petitioner files a motion for relief from judgment, she (or her attorney) shall notify this Court that such motion papers have been filed in state court. The case will then be held in abeyance pending petitioner's exhaustion of the claims. Petitioner shall re-file a habeas petition within **sixty (60) days after the conclusion of the state court post-conviction proceedings**. Petitioner is free at that time to file an amended habeas petition which contains newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

Dated: May 30, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 30, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk