UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORRINE BAKER,

    Petitioner,                  Civil No. 2:15-CV-11629
                                          HON. GEORGE CARAM STEEH
v.                                         UNITED STATES DISTRICT JUDGE

SHAWN BREWER,

    Respondent.
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR A WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, through her counsel David S. Steingold, challenging her conviction for second-degree murder, M.C.L.A. § 750.317; and second-degree child abuse, M.C.L.A. § 750.136(b)(3). Petitioner has now filed a motion to hold the petition in abeyance during the pendency of her request for a review of her criminal conviction by the Michigan Attorney General Office's Conviction Integrity Unit. (CIU). The Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion during the pendency of the review of petitioner's case by the CIU. The Court administratively closes the case.

A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *See Bowling v. Haeberline,* 246 F. App'x 303, 306 (6th Cir. 2007)(a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served"); *see also Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015).

The Court grants petitioner's motion to hold the petition in abeyance while she seeks review of her conviction by the Conviction Integrity Unit. The outright dismissal of the petition, even if it is without prejudice, might bar review of petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common reason for holding a habeas petition in abeyance arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F.3d 717, 720-21 (6th Cir. 2002).

However, even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable

time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

The Court holds the petition in abeyance to allow petitioner to seek review of her conviction by the Attorney General Office's Conviction Integrity Unit. This tolling is conditioned upon petitioner returning to federal court within thirty days of the Conviction Integrity Unit issuing an adverse decision. *Hargrove,* 300 F.3d at 721.

### III.  ORDER

**IT IS ORDERED** that:

(1) The proceedings are **STAYED** and the Court holds the habeas petition in abeyance. Petitioner shall move to reopen her habeas case within **30 day**s of any adverse decision by the Conviction Integrity Unit. Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claims raised in petitioner's original and amended habeas petitions.

(2) To avoid administrative difficulties, the Clerk of Court shall **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas,* 89 F. Supp. 3d at 943-944.

(3) Upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case for statistical purposes.

Dated:  February 6, 2020

                                       s/George Caram Steeh
                                       GEORGE CARAM STEEH
                                       UNITED STATES DISTRICT JUDGE