UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORRINE BAKER,

    Petitioner,

v.

SHAWN BREWER,[1]

    Respondent.
_____/

Civil No. 2:15-CV-11629
HONORABLE GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER DIRECTING THE CLERK OF THE COURT TO REOPEN THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING PETITIONER'S REQUEST TO FILE A SECOND AMENDED PETITION, AND AMENDING THE CAPTION**

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, through her counsel David S. Steingold, challenging her conviction for second-degree murder, and second-degree child abuse. The petition was held in abeyance during the pendency of her request for a review of her criminal conviction by the Michigan Attorney General Office's Conviction Integrity Unit. (CIU). Petitioner has now moved to reopen her case following completion of that review. For the reasons that follow, the Court orders the Clerk of the Court to reopen the case to the Court's active docket. Petitioner is granted forty five days from this order

---

[1] The Court amends the caption to reflect the current warden of petitioner's incarceration.

1

to file a reply brief, if she chooses. Petitioner is denied her request to file a second amended petition.

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner, following the exhaustion of state court remedies. *See e.g. Rodriguez v. Jones,* 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). Petitioner alleges that review of her case by the CIU has been completed. The Court orders that the case be reopened.

Respondent already filed an answer to the original petition and a supplemental answer to the amended petition that was filed following the exhaustion of post-conviction remedies in the state courts. Petitioner did not file a reply brief to the supplemental answer, choosing instead to move to hold the petition in abeyance.

The Court will give petitioner forty five days from the date of this order to file a traverse or reply brief to respondent's supplemental answer. Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 states that a habeas petitioner "may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." *See Baysdell v. Howes,* 04-CV-73293, 2005 WL 1838443, *4 (E.D. Mich. Aug. 1, 2005).

The Court denies petitioner's request to file a second amended petition. Counsel for petitioner alleges that on March 18, 2020, he received a letter from the CIU indicating that they were unable to review petitioner's application because her

issues did not qualify for review by the CIU. Petitioner requested the stay while she awaited the review of her application by the Michigan Attorney General's Conviction Integrity Unit ("CIU"). Her issues were not reviewed; therefore, there is no justification to allow a second amended petition.

## ORDER

**IT IS ORDERED** that:

(1) The Clerk of the Court is directed to reopen the case to the Court's active docket and amend the caption to reflect the current warden of petitioner's incarceration, Shawn Brewer.

(2) Petitioner has forty five days from this order to file a reply brief if she chooses to do so.

Dated: April 23, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
United States District Judge